# CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara Lee Egan

v.

Herbert William Jones

October 15, 1981

Case No. LE-610

By JUDGE WILLARD I. WALKER

Having thoroughly considered this matter, I conclude that the only fair way to deal with the problems raised in this case is to deny the plaintiff's motion for the entry of a default judgment pursuant to the provisions of Rule 4:12(d) and Rule 4:12(b) of the Rules of the Supreme Court of Virginia, and to allow the defendant, through Mr. Schaffer, to file his answers to interrogatories, which were lodged with the court on October 1, 1981. The case will, therefore, proceed in its normal fashion, and I believe you gentlemen have already acquired a new trial date in November. The court urges counsel, considering the nature of the case, to see if you cannot arrive at some amicable settlement of this matter.

The problem that has arisen in this case is caused in part by some new language recently put into Virginia Code § 38.1-381. I refer counsel to the provisions of that Code section, subsection (a1), the last sentence thereof.

> If an insurer has actual notice of a motion for judgment or complaint having been served on an insured, the mere failure of the insured to turn such suit papers over to the insurer shall not be a defense to the insurer, nor void this endorsement or provision, nor in any way relieve the insurer of its obligations to the insured, provided the insured otherwise cooperates and in no way prejudices the insurer.

As you gentlemen know, in this case service of process was obtained against the insured by service on the Commissioner of the Division of Motor Vehicles, since the insured could not be located. It is doubtful, to say the least, that the insured ever received these suit papers, although this service of process has been deemed in some quarters to be valid. Because of the provisions of § 38.1-381(a1), the insurance carrier felt obligated to instruct its counsel to file defensive pleadings to avoid any default judgment being rendered against its insured; and I think rightly so. The problem that arises, however, is that defense counsel cannot file in the name of the insurance company but must file in the name of the insured and thus becomes, as far as the court is concerned, counsel of record for the named defendant. Thus, the language quoted from § 38.1-381 is putting the insurance company's attorney in a bind where he either has to risk subjecting his company to a default by not filing grounds of defense, or he has to violate the spirit, if not the letter, of Rule 1:4(a). The defense attorney would be filing a pleading for a client to whom he has not talked and cannot locate. He has no idea as to what defenses are properly assertable by his client, other than what the insurance company may have in its file. This can be even more risky where the insured has been sued in excess of his coverage.

The problem becomes even more complex when the insured still cannot be located. Defense counsel is powerless to answer interrogatories or requests for admissions, or to present his "client" for depositions. The plaintiff is thus frustrated, unfairly, because he

cannot obtain a default judgment (since grounds of defense were filed), nor can he proceed to prepare his case.

If we then invoke the provision of Rule 4:12(d) (and Rule 4:12(b) by incorporation), a default can be granted against the defendant for failure to comply with discovery requirements. If this were done, this type of "default" would apply to the uninsured motorist carrier as well, although the uninsured motorist carrier may have filed grounds of defense in its own name.

The "saving" language contained in Code § 38.1-381(a1) does not help. I am referring to the words "mere failure of the insured to turn over suit papers" and "provided the insured otherwise cooperates and in no way prejudices the insurer." If the insured never received suit papers, and thus never knew he had been sued, then how can he fail to cooperate simply because his insurer cannot locate him?

I have suggested before that this paradox needs to be addressed by the Virginia Trial Lawyers Association and the Virginia Association of Defense Attorneys. It may well be that legislative changes are necessary.